Filed 8/6/13  P. v. Cuadra CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>   **Plaintiff and Respondent,**<br><br>   v.<br><br>**GREGORY JOSEPH CUADRA II,**<br><br>   **Defendant and Appellant.** | **A137903**<br><br>**(Mendocino County Super. Ct. Nos. SCUKCRCR 12-21365 and SCUKCRCR 12-22837)** |

Defendant Gregory Joseph Cuadra II (appellant) pled no contest to one count of unauthorized driving of a motor vehicle (Veh. Code, § 10851, subd. (a)) and one count of driving while under the influence of drugs and/or alcohol (*id*., 23152, subd. (a)), and in a second case he pled no contest to one count of issuing a check without sufficient funds (*id.*, § 476a, subd. (a)) and a prior serious felony conviction allegation (Pen. Code, §§ 667, 1170.12).  Appellant was sentenced to six years in state prison.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellant has not filed a supplementary brief.  We find no arguable issues and affirm.

BACKGROUND

In April 2012, appellant was charged by felony complaint in case No. SCUKCRCR 12-21365 (Case No. 1) with six counts arising out of an incident in which

1

appellant drove a car without permission of its owner and while under the influence of drugs and/or alcohol.  In May, appellant entered a plea of no contest to an unauthorized driving of a motor vehicle charge and a driving while under the influence of drugs and/or alcohol charge, after being advised of and thereafter waiving his constitutional rights. The prosecution agreed not to seek a state prison sentence if appellant entered and successfully completed a substance abuse treatment program.  The trial court directed appellant to enter a residential treatment program, and the remaining counts were dismissed.

In August 2012, appellant was charged by information in case No. SCUKCRCR 12-22837 (Case No. 2) with three counts of issuing checks with insufficient funds (Pen. Code, § 476a, subd. (a)).  It was alleged that appellant committed the charges while out of custody on his own recognizance (*id.*, § 12022.1) and that appellant had previously been convicted of a serious felony (*id.*, §§ 667, 1170.12.)  Appellant pled no contest to one count of issuing checks with insufficient funds and admitted the prior serious felony conviction allegation, after being advised of and waiving his constitutional rights. Appellant was advised he would serve six years in state prison and the remaining counts would be dismissed.

In January 2013, the trial court ordered appellant to serve a six-year term in state prison.  In particular, the upper term of three years was imposed for the check offense (Pen. Code, § 476a, subd. (a)) in Case No. 2, and the term was doubled (*id*., § 1170.12). In Case No. 1, the court imposed a concurrent two year term for the unauthorized driving offense (Veh. Code, § 10851, subd. (a)) and a concurrent 180 day sentence for the driving under the influence offense (*id*., § 23152, subd. (a)).  Appellant received 354 days in credits (177 actual days, plus 177 days in local conduct credits) in one case, plus additional credits towards the concurrent term in the other case.

2

This appeal followed.  Defendant's notice of appeal specified the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."[1]

## DISCUSSION

We have reviewed the entire record and have found no arguable appellate issues. Appellant was adequately represented by legal counsel throughout the proceedings. Appellant freely and voluntarily entered no contest pleas in each of the two cases at issue on appeal.  The trial court's sentence was as provided for in the plea agreement.  The credits awarded and restitution fines imposed by the court were proper.

Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant did not file a supplementary brief.  There are no legal issues that require further briefing.

## DISPOSITION

The judgment is affirmed.

_____
SIMONS, J.

We concur.


_____
JONES, P.J.


_____
NEEDHAM, J.

_____

[1]   The notice of appeal also states the appeal is based on denial of a motion to suppress evidence, but there is no indication in the record on appeal that any such motion was filed.